**ROBBINS GELLER RUDMAN & DOWD LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

David A. Rosenfeld
drosenfeld@rgrdlaw.com

October 7, 2020

VIA ECF

The Honorable Kimba M. Wood
United States District Court
Southern District of New York
500 Pearl Street, Room 2540
New York, NY  10007-1312

Re:    *Danker v. Papa John's International, et al.*, No. 1:18-cv-07927-KMW

Dear Judge Wood:

    We represent Lead Plaintiff Oklahoma Law Enforcement Retirement System ("Plaintiff") in the above-referenced action and write in response to Papa John's International, Inc. ("Papa John's") and Steve M. Richie's ("Ritchie") October 2, 2018 letter (ECF No. 103) advising the Court of the recent decision in *In re Liberty Tax, Inc. Securities Litigation*, No. 20-652 (2d Cir. Sept. 30, 2020).[1]

    In *In re Liberty Tax*, plaintiff alleged that the CEO's statement on a quarterly earnings call that the company's "compliance task force was very successful" was false because Liberty Tax had hired a law firm to investigate the CEO's misconduct.  ECF No. 103-1 at 5.  The Second Circuit rejected this argument, however, finding that the statement was inactionable puffery because "the task force was focused on fraud occurring at franchisee locations" and there was no support for plaintiff's "attempts to expand the articulated mandate of the task force." *Id*. at 5-6.  Likewise, the Second Circuit determined that the statement that those who do not uphold the standards of the Liberty brand are "exited from the Liberty system" was too general to be considered material for purposes of assessing a potential investment.  *Id*. at 7.

    Papa John's and Ritchie's attempt to analogize the analysis in *In re Liberty Tax* to this action is misguided.  Papa John's and Ritchie argue that, like in *In re Liberty Tax*, Papa John's Code of Ethics and Business Conduct (the "Code") "is aspirational and made no guarantees about past or future compliance."  ECF No. 103 at 1.  As an initial matter, the Second Circuit's opinion in *In re Liberty Tax* does not address code statements at all.  Moreover, Papa John's and Ritchie's argument fails to address the thrust of the allegations in the Second Amended Complaint – that in light of the

---

[1]  This decision is now published on Westlaw.  *See In re Liberty Tax, Inc. Sec. Litig*., No. 20-652, 2020 WL 5807566 (2d Cir. Sept. 30, 2020) (Summary Order).

Robbins Geller
Rudman & Dowd LLP

The Honorable Kimba M. Wood
October 7, 2020
Page 2

dramatically altered risk landscape accompanying the spread of the #MeToo movement, Defendants'[2] risk disclosures regarding compliance with labor laws, violations of the Code and potential reputational harm (*see, e.g.*, ¶¶105-139)[3] were materially misleading given Schnatter's past sexual misconduct and the "detailed evidence" of "sexual misconduct, harassment and intimidation" engulfing nearly "every senior executive in Ritchie's inner circle" and condoned by Ritchie himself. *See, e.g.*, ¶¶59-61, 75-77. Therefore, the Second Circuit's finding that the challenged statements in *In re Liberty Tax* were inactionable puffery and too generic to violate the securities laws does not aid Papa John's and Ritchie's effort to dismiss the Second Amended Complaint here.

      For these reasons, and as set forth in its prior submissions, Plaintiff respectfully submits that Defendants' motions to dismiss should be denied.

Respectfully submitted,

*/s/ David A. Rosenfeld*

DAVID A. ROSENFELD

cc: Counsel of record

---

[2] "Defendants" refers collectively to Papa John's, Ritchie and John H. Schnatter ("Schnatter").

[3] "¶¶__" refers to paragraphs of the Second Amended Complaint. ECF No. 81.